IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:22-cv-20360 |
| v. | ) |
| MUBAREK SAID, | ) |
| Defendant. | ) |

## COMPLAINT

1. The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Mubarek Said for his failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations; accrued interest on such penalties; and late payment penalties. In support, the United States alleges as follows:

## JURISDICTION AND VENUE

2. The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c)(1) and 1395 because Said is a United States citizen who resides in this district in Miami, Florida.

## REGULATORY BACKGROUND REGARDING THE DUTY TO REPORT RELATIONS WITH FOREIGN FINANCIAL INSTITUTIONS

5. Section 5314(a) of Title 31 provides that the Secretary of the Treasury "shall require" a U.S. citizen or resident to file reports when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

6. Although Congress did not define what constitutes a "relation" with a foreign financial agency, the implementing regulations make clear that "relationship" is a U.S. person's "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country." 31 C.F.R. § 1010.350(a) (2011).

7. A report is required for any year in which the aggregate balance for such foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a) (2011); 31 C.F.R. § 1010.306(c) (2010).

8. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for violations of the reporting requirements of Section 5314. Specifically, § 5321(a)(5)(B) provides for a penalty of up to $10,000 per violation.

9. Pursuant to federal law mandating inflation adjustments to civil monetary penalties, the maximum penalty under § 5321(a)(5)(B) increased to $13,247 for violations that occurred after November 2, 2015, and for which the penalty was assessed on or after October 10, 2019. Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. No. 114-74, 129 Stat. 584, 599 (2015); Inflation Adjustment of Civil Monetary Penalties, 84 Fed. Reg. 54495, 54495 (Oct. 10, 2019).

10. For the year at issue, 2015, the Defendant reported a financial account with First Global Bank on an untimely filed Form FinCEN 114, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," which was due by June 30, 2016. 31 U.S.C. §

5314; 31 C.F.R. § 1010.350(a), § 1010.306(c).  The taxpayer's representative provided documentation of three additional foreign bank accounts that were not included on the FBAR.

11. Each foreign financial account must be listed separately on the FBAR, with the limited exception for 25 or more accounts. *See* FBAR, Parts II, IV, available at https://www.irs.gov/pub/irs-pdf/f90221.pdf.

12. The penalty set forth under 31 U.S.C. § 5321(a)(5) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## MUBAREK SAID'S FAILURE TO TIMELY REPORT HIS RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

13. Mubarek Said was a United States citizen and lived in the United States during the year at issue, 2015.

14. National Commercial Bank is a bank located in Jamaica.

15. First Global Bank is a bank located in Jamaica.

16. In 2015, Mubarek Said had a financial interest in, or signature authority over, the foreign bank accounts with the maximum balances listed in the table below:

| Bank | Account No. | Name on Account | Max. Balance |
|---|---|---|---|
| | | **2015** | |
| National Commercial Bank, Half Moon Jamaica | x9184 | Mubarek Said | $3,421.27 |
| First Global Bank | x2080 | Mubarek Said | $200,000.00 |
| Unknown | xXXXX | Mubarek Said | $62,722.00 |
| Unknown | xXXXX | Mubarek Said | $325,489.00 |

## COUNT 1
### Judgment for § 5321 Penalties

17. Mubarek Said did not report the foreign financial accounts described in paragraph 15 during 2015, by June 30 of the following year.

18. On or about December 29, 2016, Mubarek Said submitted a Form 14653 Certification for Streamlined Foreign Offshore Procedures.

19. However, Said failed to comply with the requirements of the Streamlined Foreign Offshore Procedures.

20. On January 24, 2017, Mubarek Said filed an untimely FBAR for 2015 that reported his relationship with the foreign financial account at First Global Bank identified in paragraph 15.

21. On or about July 12, 2018, Mubarek Said—through his power of attorney, O. Isaac Ogunsola—submitted documentation identifying the taxpayer's relationship with three additional foreign financial accounts as identified in paragraph 16.

22. The documentation described in paragraph 21 above include: (1) a bank statement from National Commercial Bank belonging to Mubarek Said; (2) a spreadsheet titled Business Jamaican Checking Account; and (3) a spreadsheet titled Jamaica USD Savings Account.

23. Mubarek Said failed to cooperate with the IRS's requests for additional information related to his foreign accounts.

24. The IRS determined that the month-by-month spreadsheets associated with the Jamaican Checking and Savings accounts provided by Said's power of attorney were foreign accounts, as described in paragraph 16, although it did not have adequate information to identify the bank.

25. On or about October 31, 2019 and December 10, 2019, a delegate of the Secretary of the Treasury proposed the assessment of penalties against Said pursuant to 31 U.S.C. § 5321(a)(5)(A) and (B) for his non-willful failure to report his relationships with foreign financial institutions for the year 2015 as follows:

| Year | Number of Relationships | Penalty |
|---|---|---|
| 2015 | 4 | $12,921 |
| **Total** | | **$51,684** |

26.  On or about February 5, 2020, a delegate of the Secretary of the Treasury assessed against Said the penalties described in paragraph 25.

27.  A delegate of the Secretary of the Treasury gave Said notice and demand for payment of the subject FBAR penalty assessments the year 2015. Despite the notice and demand for payment, Said has failed to pay the FBAR penalties assessed against him.

28.  As of January 19, 2022, Said owed the United States $**58,711.61**, in penalties assessed under 31 U.S.C. § 5321; interest accrued under § 3717(a); and late-payment penalties under 31 U.S.C. § 3717(e).  Interest and late-payment penalties continue to accrue by law until the FBAR penalty is paid in full.

## RELIEF REQUESTED

The United States of America requests:

A. That the Court enter judgment in favor of the United States against Mubarek Said for the civil penalties assessed against him for violations of 31 U.S.C. § 5314 for year 2015 in the amount of $**58,711.61** as of January 19, 2022, plus penalties and interest that continue to accrue;

B. That the Court order any other relief that is just and proper.

Date: February 3, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

By:  /s/ *Aaron C. Brownell*
Aaron C. Brownell
FL. Bar No. 126213
Trial Attorney, Tax Division
U.S. Department of Justice

5

Post Office Box 14198
Washington, D.C. 20044
Telephone: (202) 514-6070
Fax: (202) 514-4963
Aaron.C.Brownell@usdoj.gov

*Of Counsel:*

JUAN A. GONZALEZ
U.S. Attorney, Southern District of Florida

*Attorneys for the United States of America*